UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HUGH LAWRENCE BROOKS and | ) | |
| TAMMIE LATHERES SIMS-BROOKS, | ) | CASE NO. 09-02012-JMC-11 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| HUGH LAWRENCE BROOKS, | ) | |
| | ) | ADV. PROC. NO. |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| DBRS, INC., d/b/a FCDP PSL TRUST | ) | |
| And AMERICAN EDUCATIONAL SERVICES | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN**

### Count I

### Introduction

1. This is an adversary proceeding brought under the Bankruptcy Code, 11 U.S.C. §523(a)(8)(A)(i) to determine the dischargeability of qualified education loans ("student loans"), as defined in 23 USC §221(d)(1).

### Parties

2. The Debtor filed this case under Chapter 11 of the Bankruptcy Code on February 26, 2009. This Court thus has jurisdiction over this action under 28 U.S.C. §1334. This proceeding is a core proceeding.

3. The Defendant, DBRS, INC., d/b/a FCDP PSL TRUST(hereinafter "Defendant") is believed to be a corporation with its principal place of business located at 333 West Wacker

1

Drive, Suite 1800, Chicago, IL 60606.

4.  The Defendant American Educational Services is a corporation with its address at P.O. Box 2461, Harrisburg, PA 17105-2461.

### Factual Allegations

5.  One of the unsecured debts owing by Plaintiff was listed in Schedule F is a student loan owing to Defendant, FCDP PSL TRUST.

6.  AES is believed to be the servicer of the private student loan.

7.  Hugh Brook's present indebtedness on this private student loan is approximately $132,652.96.

8.  Plaintiff's payment on his government student loan are approximately $2,000.00 per month.

9.  Plaintiff's monthly payouts on his other private student loans, settled in a different adversary proceeding are $1050.00 per month.

10. Plaintiff's income and expected future income is and will be adequate for him to afford the basic necessities of life, but will not allow for the payment demanded by Defendant. As such, he lacks the ability to repay the student loan debt to the Defendant, and, any payments he would make would create a great hardship on the Plaintiff.

11. Excepting this student loan from Discharge in its entirety will impose an undue hardship on the Plaintiff.

12. Excepting the student loan from Discharge will, when Debtor is unable to make the payments required by the Defendants, cause the Debtor to default on his government student loans, and subject him to collection activities, possibly including, but not limited to: **lawsuits; wage garnishment; ruined credit; collection calls & letters; tax refund intercept;**

**substantial additional fees & interest added to the balance.** Debtor is being forced into a situation where default on his student loan is not just likely, but all but guaranteed, will serve to frustrate the "fresh start" of his Bankruptcy Discharge, and, as such, undermine the entire purpose of the Bankruptcy process.

13. The Debtor's eventual default, and being subject to subsequent collection activity, will serve to only increase the undue hardship on the Debtor, although at that point in time, not only will he be unable to seek protection under Chapter 7, but also Chapter 13.

14. Congress intended student loan debts to be dischargeable when not doing so would serve to frustrate the "fresh start" of the Bankruptcy Discharge, and, as such, undermine the entire purpose of the Bankruptcy process by causing an undue hardship on Debtor, as evidenced by 11 U.S.C. §523(a)(8)(B).

15. As of the date of filing this Adversary, Defendant has refused to offer any reasonable payment option for the Debtor.

16. Although not actually required by any applicable statute or code section, Debtor has made a good faith effort to repay the student loan debt in question.

17. Debtor's financial situation is not expected to noticeably change in the future.

18. The loan above described is a private student loan debt owed to the Defendant, and is also dischargeable under 11 U.S.C. §523(a)(8)(B), because it is not a "qualified student loan" used solely for Plaintiff's Cost of Attendance at his schools.

19. Plaintiff, by counsel, and hereby gives notice that he consents to the entry of final orders or judgment by the Bankruptcy Court in this adversary proceeding.

WHEREFORE, the Plaintiff respectfully prays the Court declare the subject student loan dischargeable under 11 U.S.C. §523(a)(8), and further relief as the Court may deem just and

proper.

                    Respectfully submitted,

                    /s/ *Eric C. Redman*
                    Eric C. Redman, #6330-49
                    Redman Ludwig, P.C.
                    151 N. Delaware Street, Suite #1106
                    Indianapolis, IN 46204
                    Phone: (317) 685-2426
                    Fax:   (317) 636-8686
                    E-mail: eredman@redmanludwig.com

                    Attorney for Plaintiff